**WAJDA LAW GROUP, APC**
Nicholas M. Wajda (Nev. Bar No. 11480)
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com

*Attorney for the Plaintiff*

# UNITED STATES DISTRICT COURT
# DISTRICT OF NEVADA

| | |
|---|---|
| NICOLE G. NEAL,<br><br>Plaintiff,<br><br>v.<br><br>MIDLAND CREDIT MANAGEMENT, INC.,<br><br>Defendant. | Case No. 3:20-cv-00611<br><br>**COMPLAINT**<br><br>**1. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT, 15 U.S.C. § 1692 *ET SEQ.*** <br><br>**JURY TRIAL DEMANDED** |

**NOW COMES**, Plaintiff, NICOLE G. NEAL, individually, through undersigned counsel, complaining of Defendant, MIDLAND CREDIT MANAGEMENT, INC. as follows:

## NATURE OF THE ACTION

1. This action arises under the Fair Debt Collection Practices Act (the "FDCPA"), 15 U.S.C. § 1692 *et seq*.

## JURISDICTION AND VENUE

2. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331.

3. Venue in this district is proper under 28 U.S.C. § 1391(b)(2).

## PARTIES

4. NICOLE G. NEAL ("Plaintiff") is a natural person, over 18-years-of-age, who at all times relevant resided in Carson City, Nevada.

5. Plaintiff is a "consumer" as defined by 15 U.S.C. § 1692a(3).

1

6. MIDLAND CREDIT MANAGEMENT, INC. ("Defendant" or "MCM") is a corporation organized and existing under the laws of the state of Kansas.

7. MCM maintains its principal place of business at 350 Camino De La Reina, Suite 300, San Diego, California 2180.

8. Defendant is a "debt collector" as defined by 15 U.S.C. § 1692a(6).

9. Defendant uses instrumentalities of interstate commerce and the mail in its business – the principal purpose of which is the collection of debt owed or due or asserted to be owed or due another.

## FACTUAL ALLEGATIONS

10. Plaintiff received a credit card issued by Credit One Bank, N.A.

11. Over time, approximately $630.00 in personal charges were made to Plaintiff's account ("subject debt").

12. Plaintiff, due to unforeseen financial difficulties, defaulted on payments and Plaintiff's unpaid account balance was charged-off and referred for collection.

13. Plaintiff's approximately $630.00 balance is a "debt" as defined by 15 U.S.C. § 1692a(5).

14. On or around July 30, 2020 MCM sent Plaintiff a debt collection letter, enclosed in an envelope with the words "TIME SENSITIVE DOCUMENTS" printed on its exterior in bold font.

15. Upon reading "TIME SENSITIVE DOCUMENTS", Plaintiff immediately opened the envelope.

16. The letter contained information regarding Plaintiff's subject debt.

17. The letter is a "communication" as defined by 15 U.S.C. . § 1692a(2) as it conveys information regarding Plaintiff's subject debt.

18. The letter is an attempt to collect upon the subject debt as the letter directly and unambiguously states as such.

19. The envelope's inclusion of the words "TIME SENSISTIVE DOCUMENTS" on its exterior created a false sense of urgency for Plaintiff who was unable to afford to make a payment, leading to needless emotional distress.

## DAMAGES

20. Concerned with having had her rights violated, Plaintiff was forced to retain counsel; expending time and incurring attorney's fees to vindicate her rights.

21. Moreover, Plaintiff suffered significant emotional distress and anxiety as a result of Defendant's correspondence.

22. Additionally, as a result of the confusing language in the collection letter sent by Defendant, Plaintiff was deprived of her right to receive clear information as required by the FDCPA.

## CLAIMS FOR RELIEF
## Count I – Violations of Sections 1692f of the FDCPA

23. Plaintiff restates and incorporates all paragraphs as if fully set forth herein.

24. Pursuant to §1692f of the FDCPA, a debt collector is prohibited from using "unfair or unconscionable means to collect a debt." 15 U.S.C. § 1692f.

25. The statute sets out a nonexclusive list of conduct that qualifies as unfair or unconscionable. *Id.*

26. Section 1692(f)(8) prohibits the following conduct: using any language or symbol, other than the debt collector's address, on any envelope when communicating with a consumer by use of the mails or by telegram, except that a debt collector may use his business name if such name does not indicate that he is in the debt collection business.

27. Section 1692f(8) regulates language "on any envelope" *Id*.

28. The text of Section 1692f(8) is unequivocal "Any language or symbol," except the debt collector's address and, in some cases, business name, may not be included "on any envelope".

29. In other words, NO EXCEPTIONS.

30. Accordingly, MCM"s inclusion of "TIME SENSITIVE DOCUMENTS" on the front of the envelope violates 15 U.S.C. § 1692f(8).

31. As alleged, Plaintiff instantly opened MCM's mail because it said "TIME SENSITIVE DOCUMENTS".

32. Upon information and belief, MCM has determined that it collects more from consumer by including "TIME SENSITIVE DOCUMENTS" on envelopes.

33. MCM"s practice of including "TIME SENSITIVE DOCUMENTS" on envelopes mailed to consumers unfairly puts MCM ahead of other debt collectors.

34. On information and belief, MCM"s research demonstrates that the least sophisticated consumer is more likely to open letters sent in envelopes marked "TIME SENSITIVE DOCUMENTS" than envelopes that do not contain the words "TIME SENSITIVE DOCUMENTS."

**WHEREFORE**, Plaintiff, NICOLE G. NEAL, respectfully requests that this Honorable Court enter judgment in his favor as follows:

   a. Declaring that the practices complained of herein are unlawful and violate Sections 1692f(8) of the FDCPA;
   b. Awarding Plaintiff statutory and actual damages, in an amount to be determined at trial, for the underlying FDCPA violations;
   c. Awarding the Plaintiff costs and reasonable attorney fees as provided under 15 U.S.C. §1692k; and
   d. Awarding any other relief as the Honorable Court deems just and proper.

## **DEMAND FOR JURY TRIAL**

Pursuant to Fed. R. Civ. P. 38(b), Plaintiff demands a trial by jury of any and all issues in this action so triable of right.

DATED: October 29, 2020

Respectfully submitted,

**NICOLE G. NEAL**

By: */s/ Nicholas M. Wajda*

Nicholas M. Wajda
WAJDA LAW GROUP, APC
871 Coronado Center Drive
Suite 200
Henderson, Nevada 89052
+1 702-900-6339
nick@wajdalawgroup.com